# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

STEVEN ISAAC TROTMAN,
　　　　　　　*Defendant-Appellant.*

No. 02-4279

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-01-180)

Submitted: October 30, 2002

Decided: December 4, 2002

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Laura P. Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Steven Isaac Trotman appeals from his convictions for conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000); possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) (2000); and carry and possess a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (2000). Finding no error, we affirm.

On appeal, Trotman argues that admission of the marijuana seized at his residence was highly prejudicial under Fed. R. Evid. 404(b) and irrelevant to the charged cocaine base conspiracy. He argues the evidence is irrelevant because it was not present at the scene of the arrest and did not support or connect the events underlying the conspiracy charge. The Government responds that the marijuana evidence is intrinsic to the charged conspiracy and, in addition, was relevant as extrinsic evidence to prove knowledge and intent of conspiracy to distribute.

This court generally reviews the district court's admission of evidence for abuse of discretion. *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). To abuse its discretion, a district court must either fail or refuse to exercise its discretion, or rely on an erroneous legal or factual premise in the exercise of its discretionary authority. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). Rule 404(b) decisions are not reversed unless they are "arbitrary or irrational." *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990).

A district court may admit "[e]vidence of other crimes, wrongs, or acts for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but not to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Rule 404(b) is an inclusionary rule, excluding only evidence that solely proves criminal intent. *United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997). This court has developed a four-part test for the admissibility of prior bad act evidence: (1) the prior-act evidence must be relevant to an issue

other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be substantially outweighed by its prejudicial nature. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). "[E]vidence of uncharged conduct is not considered other crimes evidence if it arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks omitted). Trotman's possession of marijuana, fire-arms, distribution paraphernalia, and a large sum of cash in a locked safe in his residence prior to the execution of the search warrant was intrinsic to the charged conspiracy. The evidence of Trotman's marijuana and distribution paraphernalia was also admissible to prove that he had knowledge of drug distribution and intent to conspire to distribute the cocaine base that he possessed at the time he was arrested.

Further, the district court instructed the jury members regarding the "very limited purposes" for which they could consider the evidence. A limiting instruction to the jury decreases the risk of prejudice to the defendant. *See United States v. Hadaway*, 681 F.2d 214, 219 (4th Cir. 1982).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*